# EXHIBIT A

# UNITED STATES COURT OF APPEALS

# FOR THE THIRD CIRCUIT

Case No. 11-4333

| | |
|---|---|
| RUSSELL P. SWIATEK, GEORGE MUNLEY & MARVIN BARNETT, <br><br> *Plaintiffs/Appellants,* <br><br> vs. <br><br> BEMIS COMPANY, INC., WARREN MARUCA, individually and in his representative capacity <br><br> *Defendants/Appellees.* | APPELLANTS' APPLICATION FOR ATTORNEYS' FEES AND COSTS |

Plaintiff-Appellants Russell P. Swiatek, George Munley & Marvin Barnett ("Appellants"), by and through their undersigned counsel, respectfully move this court for leave to collect attorney fees and non-taxable costs expended in connection with the appeal of the above case, pursuant to the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §10:5-27.1

1.  Appellants argued before the United States Court of Appeals for the Third Circuit on September 10, 2013 and were successful in bringing a claim for discrimination in accordance with the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 et seq.

2.  The Court filed its opinion and judgment on October 17, 2013 and from that Defendants/Appellees filed a petition for a panel rehearing en banc.

3. The Appellees' petition for rehearing was denied by the Court on November 20, 2013 and according to the L.A.R. 108.1, Appellants were to have filed an application for fees and costs within 14 days of the denial.

4. In conjunction with this application, Appellants have filed a motion to extend time to file this fee application noting extraordinary circumstances.

5. In its opinion, this Court reversed and remanded the NJLAD issue back to the District Court to reinstate the Jury Verdict on Munley's perceived disability claim through a mandate filed on November 29, 2013.

6. Appellants have prevailed with respect to proving a prima facie case as to Appellees' violation of NJLAD for discrimination against Appellant, George Munley, for his perceived disability.

7. The violation of NJLAD gives the Appellants the ability to request reasonable attorney's fees and expenses as contained in the statutory fee-shifting language.

8. Plaintiffs' Counsel here was retained on a strictly contingency basis due to the fact that none of the Plaintiffs had the financial capability to retain counsel on an hourly basis to litigate these claims and the ultimate appeal.

9. The leading case on fee shifting under LAD is Rendine v. Pantzer, 141 N.J. 292, 322 (1995). The availability of fees under the Rendine analysis is meant to rectify the problem of "unequal access to the Courts" and to provide private citizens with incentive and resources to go to Court and enforce the Civil Rights Laws. Id. at 323 (citing to Coleman Brothers, 113 N.J. 594, 597 (1989)).

10. Without the risk taken by Plaintiffs' counsel, this case would not have been able to be brought and the Appellees would have gotten away with the egregious

violations of the law that the State of New Jersey has taken great measures to eradicate.

11. Appellants are therefore permitted by statute to reasonable costs and attorneys fees pursuant to NJLAD, <u>N.J.S.A</u>. 10:5-27.1.

12. Appellants move that the Court grant $65,958.67 in attorney's fees and costs for their representation in the Appeal to this Court and for the filing of the Fee Application. See the attached affidavit in support of these fees and costs.

For the foregoing reasons, Appellants request that judgment be entered in this matter in favor of their Application for Attorneys' Fees and Costs pursuant to the fee-shifting provision of NJLAD, <u>N.J.S.A</u>. 10:5-27.1, in the amounts set forth in the attached affidavit in support of fees and costs.

Respectfully submitted,

/s/ *William J. Courtney*

William J. Courtney

Dated: December 31, 2013

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## DOCKET NO.: 11-4333

RUSSELL P. SWIATEK, GEORGE
MUNLEY & MARVIN BARNETT,

    *Plaintiffs/Appellants,*

vs.

BEMIS COMPANY, INC.,

    *Defendant/Appellee.*

**CERTIFICATION OF SERVICE**

I, William J. Courtney, of full age, hereby certify:

1. I am the counsel of record for Appellants in the above captioned matter.

2. On December 31, 2013, I caused the foregoing motion to be filed with the Court via ECF.

3. On December 31, 2013, I caused the foregoing Application to be served, by ECF to counsel of record for Appellees Bemis Company, Inc.

I certify that the foregoing is true and accurate.  I am aware that if any of the foregoing is willfully false, I am subject to punishment.

/s/ *William J. Courtney*

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
CASE NO.: 11-4333

William J. Courtney, Esq. – New Jersey Attorney ID #016161986
**LAW OFFICES OF**
**WILLIAM J. COURTNEY, L.L.C.**
200 Main Street
P.O. Box 112
Flemington, New Jersey 08822
(908) 782-5900 (tel)
(908) 782-7001 (fax)
*Attorneys for Plaintiffs*

| | |
|---|---|
| RUSSELL P. SWIATEK, GEORGE MUNLEY, MARVIN BARNETT<br><br>*Plaintiff-Appellants,*<br><br>vs.<br><br>BEMIS COMPANY, INC., WARREN MARUCA, individually and in his representative capacity<br><br>*Defendant-Respondents.* | UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT<br><br>CASE NO. 11-4333<br><br><br>**AFFIDAVIT IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS** |

     I, William J. Courtney, of full age, being duly sworn according to law, upon oath, depose and says:

1.    I am an attorney at law licensed in the State of New Jersey. I am the principle of the Law Offices of William J. Courtney, L.L.C., attorneys for Plaintiff-Appellants Russell Swiatek, George Munley and Marvin Barnett ("Appellants") in this matter. As such, I am familiar with the facts and circumstances of this matter.

2.    I make this Certification for attorney's fees and costs incurred in connection with the above referenced matter.

3.    I obtained my law degree from Seton Hall University and worked as a law clerk to the Honorable Ronald Hedges, a Federal Magistrate in the District Court of

New Jersey. I have 20 years experience as a litigator. My name under the below itemization of time is listed as WJC.

4.      Laurie J. Bice, Esq. received her law degree from Widener University School of Law in 1998. Ms. Bice became employed by the Law Offices of William J. Courtney, LLC., practicing primarily in the area of employment law in 1999.  Her name under the below itemization of time is listed as LJB.

5.      Kristine M. Holland, Esq. received her law degree from Ohio Northern University School of Law in 2012. Ms. Holland became employed by the Law Offices of William J. Courtney, LLC., practicing primarily in the area of employment law in 2013. Her name under the below itemization of time is listed as KMH.

6.      Arthur Usvayat, Andrew Boccio and Jason Marshall graduated from the ABA accredited Paralegal Program at Raritan Valley Community College. The majority of their employment as paralegals with the Law Offices of William J. Courtney, LLC was in employment litigation. There names are listed below as respectively as AU, AB and JM.

7.      The following represents an itemization of the services performed in connection with the firm's representation of Appellants in the appeal of this matter:

| Date | Name | Description of Time | Hours |
|------|------|---------------------|-------|
| 11/9/11 | WJC | Conference with Mr. Usvayat re: Appeal; telephone conference with Mr. Munley re: appeal | 0.50 |
| 11/9/11 | AU | Conduct legal research on appeal to third circuit; conference with Mr. Courtney. | 1.00 |
| 11/10/11 | WJC | Conference with client re: appeal process and costs. | 3.00 |
| 12/1/11 | WJC | Draft Notice of Appeal; telephone call to Court; file Notice; review documents; draft and forward Notice of Appeal to Judge Thompson; Electronic Filing Notice. | 2.00 |

2

| | | | |
|---|---|---|---|
| 12/12/11 | WJC | Review case opening letter from Appellate Division; telephone conference with Appellate Division; obtain transcript request form; draft correspondence to Mr. Swiatek and Mr. Munley. | 1.50 |
| 12/20/11 | WJC | Draft correspondence to clients re: status of appeal. | 0.20 |
| 12/22/11 | WJC | Telephone conferences with Third Circuit; file with District Court; telephone call to Electronic Filing System; review Entry of Appearance filed by Mr. Garland. | 4.50 |
| 12/27/11 | WJC | Review filings from Mr. Garland re: Mr. Maruca will not participate in Appeal | 0.20 |
| 12/30/11 | WJC | Review Notice from Court re: Telephone Mediation scheduled for January 30, 2012. | 0.10 |
| 1/11/12 | WJC | Draft correspondence to Ms. Ellison, Third Circuit Mediator re: formal statement with regard to settlement. | 3.50 |
| 1/23/12 | WJC | Review Notice of Electronic Filing re: transcripts; e-mail to Ms. Kalbach re: transcripts. | 0.20 |
| 1/24/12 | WJC | Receive Trial Transcripts from J&J Court Transcribers. | 0.20 |
| 1/30/12 | WJC | Prepare for and participate in Telephonic Settlement Conference; conference with client. | 2.00 |
| 3/13/12 | WJC | Review e-mail from Ms. Ellison re: mediation status | 0.10 |
| 5/1/12 | WJC | E-mail from Ms. Ellison re: status. | 0.10 |
| 7/23/12 | WJC | E-mail from client requesting status update. | 0.10 |
| 8/10/12 | WJC | E-mail from Ms. Ellison re: status. | 0.10 |
| 11/7/12 | WJC | Conference with Ms. Bice re: research on perceived disability for Appeal. | 0.25 |
| 11/7/12 | LJB | Conference with Mr. Courtney re: research on Mr. Munley's issues of perceived disability. | 0.25 |
| 1/22/13 | WJC | Review Briefing Notice. | 0.10 |
| 2/14/13 | WJC | Review correspondence from Mr. Garland re: Joint Appendix. | 0.10 |
| 2/25/13 | AB | Conference with Mr. Courtney; begin compiling documents for Joint Appendix. | 2.50 |
| 2/25/13 | WJC | Review correspondence from Mr. Garland; conference with Mr. Boccio re: Joint Appendix. | 0.20 |
| 2/26/13 | AB | Continue compiling documents for Joint Appendix; telephone conference and e-mails with Ms. Bice and Mr. Courtney. | 2.50 |
| 2/26/13 | LJB | Telephone conference and e-mails with Mr. Boccio re: research needed for appeal and joint appendix. | 0.25 |
| 2/26/13 | WJC | Conference with Mr. Boccio re: Joint Appendix. | 0.75 |

3

| Date | Atty | Description | Hours |
|---|---|---|---|
| 2/27/13 | LJB | Telephone calls with Mr. Boccio re: joint appendix. | 0.25 |
| 2/27/13 | AB | Continue work on Joint Appendix; telephone calls with Ms. Bice; conferences with Mr. Courtney; conduct legal research on extension of time for Briefing in Third Circuit Court of Appeals; exchange e-mails with Mr. Garland re: extension. | 5.00 |
| 2/27/13 | WJC | Conference with Mr. Boccio; review Notice of Electronic Filing granting extension to March 18, 2013 to file Brief and Appendix. | 0.20 |
| 2/28/13 | AB | Conduct legal research on Joint Appendix for Third Circuit; continue compiling documents for Joint Appendix; draft correspondence to Mr. Janko re: status of Joint Appendix. | 4.50 |
| 3/5/13 | WJC | Conference with Ms. Bice re: research; and Possible Brief Points; begin draft of Brief. | 6.75 |
| 3/5/13 | LJB | Conference with Mr. Courtney re: research and Brief points; draft memo re: perceived disability. | 5.50 |
| 3/8/13 | WJC | Review correspondence from Mr. Garland re: Mr. Barnett's death and the appeal of his claims. | 0.20 |
| 3/12/13 | AB | Exchange e-mails with Ms. Bice; continue compiling documents for Joint Appendix; draft correspondence to Mr. Janko re: status of Appendix. | 4.00 |
| 3/12/13 | LJB | E-mails with Mr. Boccio. | 0.25 |
| 3/13/13 | AB | Continue to work on Joint Appendix. | 1.00 |
| 3/14/13 | AB | Continue work on Joint Appendix. | 2.00 |
| 3/15/13 | WJC | Continue to draft, review and revise Appeal documents and Brief; conference with Mr. Boccio; telephone conference with Mr. Garland's office re: appendix. | 4.25 |
| 3/15/13 | AB | Exchange e-mails and telephone calls with Epstein Becker re: Joint Appendix; conference with Mr. Courtney; telephone calls and e-mails with Ms. Bice; begin formatting Appellant's Brief; continue work on Joint Appendix. | 5.00 |
| 3/15/13 | LJB | E-mails from and to Mr. Boccio; conduct additional research; review and revise Brief point on perceived disability. | 3.75 |
| 3/17/13 | WJC | Conduct additional research on perceived disability; review and revise Appellate Brief; telephone conference with Ms. Bice re: research; conference with Mr. Boccio. | 7.50 |
| 3/17/13 | AB | Continue work on Joint Appendix; conference with Mr. Courtney. | 6.00 |
| 3/17/13 | LJB | Telephone conference with Mr. Courtney re: status of brief and perceived disability issue and issue re: jury instructions. | 0.50 |
| 3/18/13 | WJC | Review, revise and finalize Appeal; effectuate filing; review Notice of Electronic Filing. | 3.50 |

4

| | | | |
|---|---|---|---|
| 3/18/13 | AB | Finalize Joint Appendix; finalize Appellant's Brief; prepare copies of Joint Appendix and Appellant's Brief; file with Third Circuit Court of Appeals. | 11.00 |
| 3/19/13 | AB | Review Non-Compliance Order; conduct research on Third Circuit Court of Appeals citations; draft Addendum to Appellant's Brief. | 1.00 |
| 3/20/13 | AB | Prepare copies of Addendum to Appellant's Brief; file Addendum to Appellant's Brief with Third Circuit Court of Appeals. | 1.50 |
| 3/20/13 | WJC | Review Notice of Electronic Filing. | 0.10 |
| 4/22/13 | AB | Review Appellee's Brief; conference with Mr. Courtney. | 2.00 |
| 4/22/13 | WJC | Review Appellee's Brief; conference with Ms. Bice | 2.75 |
| 5/2/13 | AB | Conduct legal research re: replacing a party in a Court of Appeals case; exchanged e-mails with Marvin Barnett, Jr. concerning his taking over as personal representative for his father; exchange e-mails with Ms. Bice. | 2.50 |
| 5/3/13 | AB | Continue legal research concerning Substitution of Parties; exchange e-mails with Ms. Bice re: Reply Brief; began to draft Motion to Substitute Parties; begin to draft Certification of Marvin Barnett, Jr. | 5.00 |
| 5/3/13 | LJB | E-mails from and to Mr. Boccio. | 0.25 |
| 5/4/13 | WJC | Conduct research for Reply Brief; begin to draft Reply Brief. | 5.75 |
| 5/5/13 | WJC | Conduct research on defendant's arguments; draft Appellant's Reply Brief. | 9.00 |
| 5/6/13 | AB | Exchange e-mails with Mr. Courtney; exchange e-mails with Marvin Barnett, Jr.; conference with Mr. Courtney; check citations on reply Brief; conduct legal research for Mr. Courtney; finalize Reply Brief | 5.00 |
| 5/6/13 | LJB | E-mails from and to Mr. Boccio; conference with Mr. Courtney re: research and Reply Brief. | 0.50 |
| 5/6/13 | WJC | Continue to draft, review, revise and finalize Appellant's Reply Brief; review, revise and finalize Motion; conference with Mr. Boccio and Ms. Bice. | 8.50 |
| 5/8/13 | AB | Make additions to Information Sheet for Administration; e-mail Information Sheet and instructions to Marvin Barnett, Jr. | 2.00 |
| 5/8/13 | WJC | Review e-mails from Mr. Swiatek re: appeals status. | 0.10 |
| 5/14/13 | AB | Exchange e-mails with Marvin Barnett, Jr.; review completed Information Sheet for Administration. | 0.50 |
| 5/21/13 | WJC | Review correspondence from Third Circuit of Appeals re: availability for Oral Argument. | 0.10 |
| 5/22/13 | WJC | Review Order denying Motion to Substitute Party. | 0.20 |

| | | | |
|---|---|---|---|
| 6/14/13 | WJC | Review correspondence from Court re: Oral Argument scheduled for September 11, 2013 in Philadelphia. | 0.10 |
| 6/25/13 | WJC | Prepare Acknowledgment and Designation of Arguing Counsel; file. | 0.10 |
| 7/9/13 | JM | Complete Information Sheet for Administration for Marvin Barnett, Jr.; correspondence with Marvin Barnett, Jr. | 0.20 |
| 7/10/13 | JM | E-mail to Marvin Barnett, Jr; draft Motion to Substitute Party; conference with Mr. Courtney. | 0.50 |
| 7/17/13 | WJC | Review and revise Appellee's Opposition to Appellant's Motion; conference with Mr. Marshall; conduct legal research. | 5.25 |
| 7/17/13 | JM | Conference with Mr. Courtney; review Opposition. | 0.50 |
| 7/24/13 | JM | Draft Appellant's Reply to Appellee's Opposition to Appellant's Motion to Substitute Party; conference with Mr. Courtney. | 1.00 |
| 7/24/13 | WJC | Conference with Mr. Marshall; review Opposition; file. | 0.20 |
| 8/23/13 | WJC | Review Notice re: Oral Argument scheduled for September 10, 2013. | 0.10 |
| 9/2/13 | WJC | Continue to review transcripts; telephone call to Mr. Munley. | 3.50 |
| 9/3/13 | WJC | Continue to review transcripts. | 2.50 |
| 9/4/13 | WJC | Review plaintiff's transcripts in preparation for Oral Argument. | 5.25 |
| 9/5/13 | WJC | Continue review of transcripts; telephone conference with Mr. Munley. | 6.00 |
| 9/9/13 | WJC | Review Briefs; prepare for Oral Argument at Third Circuit Court of Appeals. | 6.00 |
| 9/10/13 | WJC | Travel to and from Philadelphia; prepare for and participate in Oral Argument. | 7.00 |
| 10/17/13 | WJC | Review Opinion; telephone calls to Mr. Munley and Mr. Swiatek; conference with Mr. Marshall re: research needed to make an application for fees in Third Circuit Court of Appeals; conference with Office Manager re: invoice for fees. | 1.00 |
| | | | 183.30 Hours |

8.     A total of 105.60 hours of my time has been expended to date in performing services reasonably necessary to represent our client. A total of 11.50 hours have been spent by Laurie Bice, Esq. to date in performing services reasonably necessary to represent our client. A total of 1.00 hour has been spent by Arthur Usvayat to date in performing services reasonably necessary to represent our

client. A total of 63.00 hours have been spent by Andrew Boccio to date in performing services reasonably necessary to represent our client. A total of 2.20 hours have been spent by Jason Marshall to date in performing services reasonably necessary to represent our client. The hourly rate charged for my services is $425.00. The hourly rate for my associate Laurie J. Bice is $300.00. The paralegal hourly rate for Arthur Usyavat and Andrew Boccio is $140.00. The paralegal hourly rate for Jason Marshall is $125.00. These rates represent the usual hourly rates as stated in our Retainer Agreement and are reasonable and customary rates for experienced attorneys and paralegals practicing in the State of New Jersey. Accordingly, application is hereby made for approval of counsel fees in the amount of $57,565.00.

9.     The following represents an itemization of the services performed in connection with the firm's Fee Application:

| Date | Name | Description of Time | Hours |
|------|------|---------------------|-------|
| 12/6/13 | WJC | Conference with Ms. Holland re: Fee Application for Appeal; Conference with Bookkeeper re: Timesheets | 0.50 |
| 12/6/13 | KMH | Conference with Mr. Courtney re: Fee Application for Appeal | .25 |
| 12/11/13 | WJC | Review Timesheets | .50 |
| 12/15/11 | KMH | Begin to draft Fee Application; Conduct Research. | 2.75 |
| 12/30/13 | KMH | Continue to draft Fee Applciation; Telephone Conference with Mr. Courtney | 1.75 |
| 12/30/13 | WJC | Telephone Conference with Ms. Holland re: Fee Application | .25 |
| 12/31/13 | WJC | Review, Revise and Finalize Fee Application; Effectuate filing and service | .75 |
|  |  |  | 6.75 Hours |

10.   A total of 6.75 hours was spent preparing the Fee Application. Pursuant to the rules, I am requesting a reduced hourly rate of $325.00 for my time and $200.00 for my Associate, Kristine M. Holland, Esq. Accordingly, application is hereby made for approval of additional Counsel Fees in the amount of $1,600.00.

11.   The following represents an itemization of the costs incurred by this Firm in connection with the filing of this appeal, receipts evidencing costs other than the computer research are attached hereto as **Exhibit A**:

Costs:

| Date | Description | Amount |
|---|---|---|
| 12/13/11 | Filing Fee | 455.00 |
| 12/13/11 | Overnight Mail - FedEx | 20.35 |
| 12/28/11 | Transcripts - J&J Court Transcribers | 4,018.00 |
| 03/31/12 | On-line Computer Research | 60.33 |
| 05/31/12 | On-line Computer Research | 3.80 |
| 08/31/12 | On-line Computer Research | 434.80 |
| 02/28/13 | On-line Computer Research | 188.28 |
| 03/19/13 | Messenger Service | 92.50 |
| 03/21/13 | Overnight Mail - FedEx | 39.08 |
| 03/31/13 | On-line Computer Research | 780.95 |
| 05/31/13 | On-line Computer Research | 143.50 |
| 08/31/13 | On-line Computer Research | 40.43 |
| 09/30/13 | On-line Computer Research | 34.65 |
| | | $6,312.32 |

12.   No part of the requested fee is to be paid to or shared with any attorney or firm of attorneys of another state or jurisdiction.

13.   It is respectfully requested that the Court enter an Order against Defendants Bemis Company, Inc., and Warren Maruca in the amount of $65,958.67 for fees and expenses incurred in connection with the Appeal and the filing of this Application on behalf of Appellants.

8

I hereby certify that the foregoing statements made by me are true.  I understand that if any of the foregoing statements made by me are found to be willfully false, I may be subject to punishment.

**LAW OFFICES OF**
**WILLIAM J. COURTNEY, L.L.C.**

Dated: December 31, 2013                    s/ *William J. Courtney*
                                                      William J. Courtney, Esq.

# EXHIBIT A

# LAW OFFICES OF
# WILLIAM J. COURTNEY, L.L.C.
### 200 MAIN STREET
### P.O. BOX 112
### FLEMINGTON, NEW JERSEY 08822

WILLIAM J. COURTNEY ○○○○
JEFFREY J. MAHONEY ○
LAURIE J. BICE ○○

○ NEW JERSEY BAR
□ PENNSYLVANIA BAR
○ NEW YORK BAR

TEL.: (908) 782-5900
FAX: (908) 782-7001

MARK G. YATES ○
JOANNE GARDNER ○○
OF COUNSEL

WCOURTNEY@COURTNEY-LAW.COM

January 14, 2009

George Munley
16 Sherwood Court
Flemington, NJ 08822

      Re:    Retainer Agreement
              Swiatek v. Bemis, *et al.*

Dear Mr. Munley:

      Thank you for retaining the Law Offices of William J. Courtney, L.L.C. I enjoyed speaking with you and I look forward to representing you in connection with your matter.

      I would like to take this opportunity to explain in writing how you will be billed for legal and other costs. Because you have waived your option to pay the Firm's hourly rate and because of the unique circumstances of your case, our fee will generally be wholly contingent upon the amount that we recover for you. This means we receive payment for our legal services only if you prevail on your claims.

      An important element in our decision to take your case is that your claim permits us to seek the payment of our counsel fees from your adversary. This means that should you prevail at trial, the court may award our attorney fees based on our hourly rate. *Law Firm shall be entitled to counsel fees based upon percentage of the award* amount or the amount awarded by a court, whichever is greater. The percentage fee amount will be 33.3 percent of the total value of what we recover on your behalf. In the event the court makes a fee award, you will only be responsible for paying us the difference between the amount of the contingency fee on the award of judgment as described above and any fee awarded to the Firm by the court. In other words, the amount of contingency fee that you will owe to the Firm from your award of judgment will be reduced by the amount that the court orders your adversary to pay us. Should the court award the Firm more than the contingency fee on your award of judgment, you will not owe the Firm any further attorney fees.

      Client hereby agrees to not to take any action which will impair the Law Firm's ability to seek an award of counsel fees.

You will be provided with copies of letters and documents prepared by us and, where appropriate, copies of letters and papers sent to us by others involved in your case.

*Due to the uncertainty of the legal process, the interpretation and changes in the law, and many unknown factors, attorneys cannot and do not warrant, predict or guarantee results or the final outcome of any case. Based on our experience, the Law Firm may advise you as to a range of expected resolutions under the law of any question arising during this representation of you. However, any such communications between us discussing potential outcomes of very judicial proceedings or settlements conferences shall not rise to the level of predictions or guarantees.*

*You must cooperate fully with the Law Firm. You must communicate with us on a prompt and regular basis. The completion of your case will require you to participate in the preparation for litigation and may require your attendance at depositions and at court proceedings. You must disclose to us all facts which may be relevant to this matter. Your failure to cooperate could result in an adverse decision. If you fail to cooperate with this office we may terminate our representation.*

If these terms are acceptable to you, please sign the enclosed copy of this letter and return it to my attention along with the payment of the retainer.

Thank you once again for allowing us to be of service to you. Please do not hesitate to contact me if you have any questions.

LAW OFFICES OF
WILLIAM J. COURTNEY, L.L.C.


By: */s/ William J. Courtney*
William J. Courtney, Esq.

I have read this agreement, consisting of three (3) pages (including this page), and hereby accept its terms and conditions.


George Munley

Dated: _3-11-09_

Social Security No.: _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_

Date of Birth: _5-27-47_

3

## NOTICE OF POTENTIAL NON-CONTINGENT LIABILITY FOR OUR FEES

You understand that our decision to take your case on a contingency basis is based in part upon the possibility of attorney fees being awarded to this firm. Such fee shifting provisions make it possible for persons like yourself to retain counsel on a contingency basis in cases where the attorney's hourly rate would exceed a fixed percentage of your actual monetary loss. For instance, if you were discriminated against at work based upon your national origin and you lost $10,000.00 in pay as a result, a standard 40% contingency fee agreement would limit any recovery by the attorney to $4,000.00 on your lost wage claim. Because of the fee shifting provisions contained in statutes such as the New Jersey Law Against Discrimination or the Conscientious Employee Protection Act, the potential attorney fee award (assessed against your employer in addition to the damages awarded) is based upon the reasonable value of the legal services provided to you and is not limited to a percentage of the ultimate recovery. Accordingly, if the attorney needs to spend $20,000.00 in worth of legal services to pursue a $10,000.00 claim, he can do so and still be compensated for his time as a result of the fee shifting provision.

Because of the fee shifting provisions permitted by the claims we will be asserting in your case and because you are agreeing not to take any action which will impair our ability seek an award of such fees, *if you settle your case for an amount that will not compensate this firm for the value of the legal services provided based on the firms prevailing hourly rates, you will be responsible for the payment of the firm's hourly rates not covered in the settlement.* Our reasoning behind this provision is to avoid a situation where we have agreed to actively pursue your claims only to have you settle without consideration of the value of our time and effort. A potential conflict of interest exists because the amount of our fees calculated on the basis of our hourly rates may impact your ability to settle the case. By entering into this agreement, you are agreeing to waive any such conflict of interest.

*The foregoing only applies to the fees for our legal services. As described below, you will be responsible for the periodic payment of our out-of-pocket expenses.*

You will be requested to advance the funds required to pay any significant expenses such as Deposition costs and Expert fees before they are incurred or to pay such costs directly. A one time file set up fee of $75.00 will also be charged to your account. Any actual disbursements or unusual expenses which we incur on your behalf, such as filing fees, delivery charges, deposition costs, travel, parking, tolls, significant copying expenses and telecopier charges, will be included in your bills. In addition, a miscellaneous disbursements charge to cover the expense of ordinary copying, postage, telephone and the like will be added to the bill for legal services. If the use of computerized legal research services is necessary, a charge for on line time will also be added.

All bills will be due 30 days from receipt. If payment is not received 30 days after a bill has been rendered, it will thereafter be subject to late charges at the rate of 1% per month until paid. If necessary, the firm's standard collection procedures will be initiated and you shall be responsible for the reasonable value of our attorney's time expended in the collection process. We reserve the right to withdraw from representation if bills are not paid in a timely manner.

We will keep you informed of developments as they occur and, of course, consult with you when significant decisions must be made. Please understand that we will, from time to time, make various procedural decisions concerning the handling of your matter based upon our best judgment.

2

**LAW OFFICES OF**

# WILLIAM J. COURTNEY, L.L.C.

200 MAIN STREET
P.O. BOX 112
FLEMINGTON, NEW JERSEY 08822
TEL.: (908) 782-5900
FAX: (908) 782-7001

WILLIAM J. COURTNEY ○○○
JEFFREY J. MAHONEY ○
LAURIE J. BICE ○□

○ NEW JERSEY BAR
□ PENNSYLVANIA BAR
○ NEW YORK BAR

MARK G. YATES ○
JOANNE GARDNER ○□
OF COUNSEL

WCOURTNEY@COURTNEY-LAW.COM

January 14, 2009

Russel P. Swiatek
119 Locktown Seargeantsville Road
Stockton, NJ 08559

Re:    Retainer Agreement
       Swiatek v. Bemis, *et al.*

Dear Mr. Swiatek:

Thank you for retaining the Law Offices of William J. Courtney, L.L.C. I enjoyed speaking with you and I look forward to representing you in connection with your matter.

I would like to take this opportunity to explain in writing how you will be billed for legal and other costs. Because you have waived your option to pay the Firm's hourly rate and because of the unique circumstances of your case, our fee will generally be wholly contingent upon the amount that we recover for you. This means we receive payment for our legal services only if you prevail on your claims.

An important element in our decision to take your case is that your claim permits us to seek the payment of our counsel fees from your adversary. This means that should you prevail at trial, the court may award our attorney fees based on our hourly rate. *Law Firm shall be entitled to counsel fees based upon percentage of the award* amount or the amount awarded by a court, whichever is greater. The percentage fee amount will be 33.3 percent of the total value of what we recover on your behalf. In the event the court makes a fee award, you will only be responsible for paying us the difference between the amount of the contingency fee on the award of judgment as described above and any fee awarded to the Firm by the court. In other words, the amount of contingency fee that you will owe to the Firm from your award of judgment will be reduced by the amount that the court orders your adversary to pay us. Should the court award the Firm more than the contingency fee on your award of judgment, you will not owe the Firm any further attorney fees.

Client hereby agrees to not to take any action which will impair the Law Firm's ability to seek an award of counsel fees.

## NOTICE OF POTENTIAL NON-CONTINGENT LIABILITY FOR OUR FEES

You understand that our decision to take your case on a contingency basis is based in part upon the possibility of attorney fees being awarded to this firm. Such fee shifting provisions make it possible for persons like yourself to retain counsel on a contingency basis in cases where the attorney's hourly rate would exceed a fixed percentage of your actual monetary loss. For instance, if you were discriminated against at work based upon your national origin and you lost $10,000.00 in pay as a result, a standard 40% contingency fee agreement would limit any recovery by the attorney to $4,000.00 on your lost wage claim. Because of the fee shifting provisions contained in statutes such as the New Jersey Law Against Discrimination or the Conscientious Employee Protection Act, the potential attorney fee award (assessed against your employer in addition to the damages awarded) is based upon the reasonable value of the legal services provided to you and is not limited to a percentage of the ultimate recovery. Accordingly, if the attorney needs to spend $20,000.00 in worth of legal services to pursue a $10,000.00 claim, he can do so and still be compensated for his time as a result of the fee shifting provision.

Because of the fee shifting provisions permitted by the claims we will be asserting in your case and because you are agreeing not to take any action which will impair our ability seek an award of such fees, *if you settle your case for an amount that will not compensate this firm for the value of the legal services provided based on the firms prevailing hourly rates, you will be responsible for the payment of the firm's hourly rates not covered in the settlement.* Our reasoning behind this provision is to avoid a situation where we have agreed to actively pursue your claims only to have you settle without consideration of the value of our time and effort. A potential conflict of interest exists because the amount of our fees calculated on the basis of our hourly rates may impact your ability to settle the case. By entering into this agreement, you are agreeing to waive any such conflict of interest.

*The foregoing only applies to the fees for our legal services. As described below, you will be responsible for the periodic payment of our out-of-pocket expenses.*

You will be requested to advance the funds required to pay any significant expenses such as Deposition costs and Expert fees before they are incurred or to pay such costs directly. A one time file set up fee of $75.00 will also be charged to your account. Any actual disbursements or unusual expenses which we incur on your behalf, such as filing fees, delivery charges, deposition costs, travel, parking, tolls, significant copying expenses and telecopier charges, will be included in your bills. In addition, a miscellaneous disbursements charge to cover the expense of ordinary copying, postage, telephone and the like will be added to the bill for legal services. If the use of computerized legal research services is necessary, a charge for on line time will also be added.

All bills will be due 30 days from receipt. If payment is not received 30 days after a bill has been rendered, it will thereafter be subject to late charges at the rate of 1% per month until paid. If necessary, the firm's standard collection procedures will be initiated and you shall be responsible for the reasonable value of our attorney's time expended in the collection process. We reserve the right to withdraw from representation if bills are not paid in a timely manner.

We will keep you informed of developments as they occur and, of course, consult with you when significant decisions must be made. Please understand that we will, from time to time, make various procedural decisions concerning the handling of your matter based upon our best judgment.

You will be provided with copies of letters and documents prepared by us and, where appropriate, copies of letters and papers sent to us by others involved in your case.

*Due to the uncertainty of the legal process, the interpretation and changes in the law, and many unknown factors, attorneys cannot and do not warrant, predict or guarantee results or the final outcome of any case. Based on our experience, the Law Firm may advise you as to a range of expected resolutions under the law of any question arising during this representation of you. However, any such communications between us discussing potential outcomes of very judicial proceedings or settlements conferences shall not rise to the level of predictions or guarantees.*

*You must cooperate fully with the Law Firm. You must communicate with us on a prompt and regular basis. The completion of your case will require you to participate in the preparation for litigation and may require your attendance at depositions and at court proceedings. You must disclose to us all facts which may be relevant to this matter. Your failure to cooperate could result in an adverse decision. If you fail to cooperate with this office we may terminate our representation.*

If these terms are acceptable to you, please sign the enclosed copy of this letter and return it to my attention along with the payment of the retainer.

Thank you once again for allowing us to be of service to you. Please do not hesitate to contact me if you have any questions.

LAW OFFICES OF
WILLIAM J. COURTNEY, L.L.C.

By: */s/ William J. Courtney*

William J. Courtney, Esq.

I have read this agreement, consisting of three (3) pages (including this page), and hereby accept its terms and conditions.

Russell P. Swiatek

Dated: 3/11/09

Social Security No.: 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

Date of Birth: 10/10/55

3

# LAW OFFICES OF
# WILLIAM J. COURTNEY, L.L.C.
200 MAIN STREET
P.O. BOX 112
FLEMINGTON, NEW JERSEY 08822
TEL.: (908) 782-5900
FAX: (908) 782-7001

WILLIAM J. COURTNEY ○○○
JEFFREY J. MAHONEY ○
LAURIE J. BICE ○□

○ NEW JERSEY BAR
□ PENNSYLVANIA BAR
○ NEW YORK BAR

MARK G. YATES ○
JOANNE GARDNER ○□
OF COUNSEL

WCOURTNEY@COURTNEY-LAW.COM

January 14, 2009

Marvin Barnett
22 Lincoln Court
Hamilton, NJ 08629

Re:     Retainer Agreement
        Swiatek v. Bemis, *et al.*

Dear Mr. Barnett:

Thank you for retaining the Law Offices of William J. Courtney, L.L.C. I enjoyed speaking with you and I look forward to representing you in connection with your matter.

I would like to take this opportunity to explain in writing how you will be billed for legal and other costs. Because you have waived your option to pay the Firm's hourly rate and because of the unique circumstances of your case, our fee will generally be wholly contingent upon the amount that we recover for you. This means we receive payment for our legal services only if you prevail on your claims.

An important element in our decision to take your case is that your claim permits us to seek the payment of our counsel fees from your adversary. This means that should you prevail at trial, the court may award our attorney fees based on our hourly rate. *Law Firm shall be entitled to counsel fees based upon percentage of the award* amount or the amount awarded by a court, whichever is greater. The percentage fee amount will be 33.3 percent of the total value of what we recover on your behalf. In the event the court makes a fee award, you will only be responsible for paying us the difference between the amount of the contingency fee on the award of judgment as described above and any fee awarded to the Firm by the court. In other words, the amount of contingency fee that you will owe to the Firm from your award of judgment will be reduced by the amount that the court orders your adversary to pay us. Should the court award the Firm more than the contingency fee on your award of judgment, you will not owe the Firm any further attorney fees.

Client hereby agrees to not to take any action which will impair the Law Firm's ability to seek an award of counsel fees.

## NOTICE OF POTENTIAL NON-CONTINGENT LIABILITY FOR OUR FEES

You understand that our decision to take your case on a contingency basis is based in part upon the possibility of attorney fees being awarded to this firm. Such fee shifting provisions make it possible for persons like yourself to retain counsel on a contingency basis in cases where the attorney's hourly rate would exceed a fixed percentage of your actual monetary loss. For instance, if you were discriminated against at work based upon your national origin and you lost $10,000.00 in pay as a result, a standard 40% contingency fee agreement would limit any recovery by the attorney to $4,000.00 on your lost wage claim. Because of the fee shifting provisions contained in statutes such as the New Jersey Law Against Discrimination or the Conscientious Employee Protection Act, the potential attorney fee award (assessed against your employer in addition to the damages awarded) is based upon the reasonable value of the legal services provided to you and is not limited to a percentage of the ultimate recovery. Accordingly, if the attorney needs to spend $20,000.00 in worth of legal services to pursue a $10,000.00 claim, he can do so and still be compensated for his time as a result of the fee shifting provision.

Because of the fee shifting provisions permitted by the claims we will be asserting in your case and because you are agreeing not to take any action which will impair our ability seek an award of such fees, *if you settle your case for an amount that will not compensate this firm for the value of the legal services provided based on the firms prevailing hourly rates, you will be responsible for the payment of the firm's hourly rates not covered in the settlement.* Our reasoning behind this provision is to avoid a situation where we have agreed to actively pursue your claims only to have you settle without consideration of the value of our time and effort. A potential conflict of interest exists because the amount of our fees calculated on the basis of our hourly rates may impact your ability to settle the case. By entering into this agreement, you are agreeing to waive any such conflict of interest.

*The foregoing only applies to the fees for our legal services. As described below, you will be responsible for the periodic payment of our out-of pocket expenses.*

You will be requested to advance the funds required to pay any significant expenses such as Deposition costs and Expert fees before they are incurred or to pay such costs directly. A one time file set up fee of $75.00 will also be charged to your account. Any actual disbursements or unusual expenses which we incur on your behalf, such as filing fees, delivery charges, deposition costs, travel, parking, tolls, significant copying expenses and telecopier charges, will be included in your bills. In addition, a miscellaneous disbursements charge to cover the expense of ordinary copying, postage, telephone and the like will be added to the bill for legal services. If the use of computerized legal research services is necessary, a charge for on line time will also be added.

All bills will be due 30 days from receipt. If payment is not received 30 days after a bill has been rendered, it will thereafter be subject to late charges at the rate of 1% per month until paid. If necessary, the firm's standard collection procedures will be initiated and you shall be responsible for the reasonable value of our attorney's time expended in the collection process. We reserve the right to withdraw from representation if bills are not paid in a timely manner.

We will keep you informed of developments as they occur and, of course, consult with you when significant decisions must be made. Please understand that we will, from time to time, make various procedural decisions concerning the handling of your matter based upon our best judgment.

You will be provided with copies of letters and documents prepared by us and, where appropriate, copies of letters and papers sent to us by others involved in your case.

*Due to the uncertainty of the legal process, the interpretation and changes in the law, and many unknown factors, attorneys cannot and do not warrant, predict or guarantee results or the final outcome of any case. Based on our experience, the Law Firm may advise you as to a range of expected resolutions under the law of any question arising during this representation of you. However, any such communications between us discussing potential outcomes of very judicial proceedings or settlements conferences shall not rise to the level of predictions or guarantees.*

*You must cooperate fully with the Law Firm. You must communicate with us on a prompt and regular basis. The completion of your case will require you to participate in the preparation for litigation and may require your attendance at depositions and at court proceedings. You must disclose to us all facts which may be relevant to this matter. Your failure to cooperate could result in an adverse decision. If you fail to cooperate with this office we may terminate our representation.*

If these terms are acceptable to you, please sign the enclosed copy of this letter and return it to my attention along with the payment of the retainer.

Thank you once again for allowing us to be of service to you. Please do not hesitate to contact me if you have any questions.

LAW OFFICES OF
WILLIAM J. COURTNEY, L.L.C.

By: /s/ *William J. Courtney*

William J. Courtney, Esq.

I have read this agreement, consisting of three (3) pages (including this page), and hereby accept its terms and conditions.

Marvin Barnett

Dated: _____ 03-11-09

Social Security No.:_____

Date of Birth:_____ 04-15-49

3

Court Name: USDC, District of New Jersey
Division: 3
Receipt Number: TRE017193
Cashier ID: cshankli
Transaction Date: 12/14/2011
Payer Name: LAW OFFICES OF WILLIAM COURT
NE
-------------------------------------
NOTICE OF APPEAL/DOCKETING FEE
 For: LAW OFFICES OF WILLIAM COURTNE
 Amount:       $455.00
-------------------------------------
CHECK
 Check/Money Order Num: 0333
 Amt Tendered: $455.00
-------------------------------------
Total Due:       $455.00
Total Tendered: $455.00
Change Amt:       $0.00

NOTICE OF APPEAL00-6001


"Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged. A $45 fee will
be charged for a returned check."



# J&J Court Transcribers, Inc.
### 268 Evergreen Avenue
### Hamilton, NJ 08619
### 609-586-2311   FAX # 609-587-3599
### jjcourt@jjcourt.com

| | | |
|---|---|---|
| **TO:** William Courtney, Esq. | **RE:** | Russel Swiatek, et al. |
| | | -v- |
| 200 Main Street | | Bemis Company, et al. |
| Flemington, NJ 08822 | | |

| DUE UPON RECEIPT | | | | | 1/23/2012 |

| Orig | Copies | Pages | Description | Unit | Amount |
|------|--------|-------|-------------|------|--------|
| 1 | 1 | 2 | Federal Court Ordinary on 10/24/2011 | 3.65 | 7.30 |
| 1 | 1 | 153 | Federal Court Ordinary on 10/24/2011 | 3.65 | 558.45 |
| 1 | 1 | 3 | Federal Court Ordinary on 10/25/2011 | 3.65 | 10.95 |
| 1 | 1 | 264 | Federal Court Ordinary on 10/25/2011 | 3.65 | 963.60 |
| 1 | 1 | 6 | Federal Court Ordinary on 10/26/2011 | 3.65 | 21.90 |
| 1 | 1 | 222 | Federal Court Ordinary on 10/26/2011 | 3.65 | 810.30 |
| 1 | 1 | 6 | Federal Court Ordinary on 10/27/2011 | 3.65 | 21.90 |
| 1 | 1 | 173 | Federal Court Ordinary on 10/27/2011 | 3.65 | 631.45 |
| 1 | 1 | 52 | Federal Court Ordinary on 10/28/2011 | 3.65 | 189.80 |
| 1 | 1 | 109 | Federal Court Ordinary on 10/31/2011 | 3.65 | 397.85 |
| | | | | **REFUND :** | |

| Invoice # : | Thank You. |
|---|---|
| **2011-03153** | When sending your remittance, please include the invoice number on the check.   We also accept Visa, MasterCard and American Express.<br><br>Tax id # : 22-3042692 |
| A service charge of 1½% per month will be applied to all past due balances. ($5.00 minimum charge) | **Court:**<br>U.S. District Court , Trenton NJ<br>08-CV-6081-AET |



# J&J Court Transcribers, Inc.
### 268 Evergreen Avenue
### Hamilton, NJ 08619
### 609-586-2311   FAX # 609-587-3599
### jjcourt@jjcourt.com

**TO:** William Courtney, Esq.

200 Main Street

Flemington, NJ 08822

**RE:** Russel Swiatek, et al.
-v-
Bemis Company, et al.

**DUE UPON RECEIPT**                          **1/23/2012**

| Orig | Copies | Pages | Description | Unit | Amount |
|------|--------|-------|-------------|------|--------|
| 1 | 1 | 48 | Federal Court Ordinary on 11/1/2011 | 3.65 | 175.20 |
| 1 | 1 | 6 | Federal Court Ordinary on 11/2/2011 | 3.65 | 21.90 |
| 1 | 1 | 57 | Federal Court Ordinary on 11/2/2011 | 3.65 | 208.05 |
| | | | Deposit 372 on 12/29/2011 | | -4500.00 |
| | | | | | |
| | | | $ 4,018.65 | | |
| | | | | | |
| | | | **REFUND :** | | **-481.35** |

| Invoice # : | Thank You. |
|-------------|------------|
| **2011-03153** | When sending your remittance, please include the invoice number on the check.   We also accept Visa, MasterCard and American Express. |
| | Tax id # : 22-3042692 |
| A service charge of 1½% per month will be applied to all past due balances. ($5.00 minimum charge). | Court: U.S. District Court , Trenton NJ 08-CV-6081-AET |

**INVOICE**

# A & A

**Messenger & Delivery Service**
P.O.Box 464
ANNANDALE, N.J. 08801
(908)237-1111
(800)938-9510

DATE _25 MARCH 2013_

INVOICE # _031913_

TO: WILLIAM COURTNEY LLC
200 MAIN STREET
FLEMINGTON, N.J. 08822

| MARCH | 19 | DELIVERY TO U.S. COURT OF APPEALS - 21400 US COURT 601 MARKET ST, PHILADELPHIA, PA. | | 92 | 50 |
| | | 50 mi | | 51 | 00 |
| | | PARKING TICKET | TOTAL | $143 | 50 |
| | | Thank you  Swiatek Appeal | Paid | | |

| Svc Area | A1 | Transportation Charge | | 19.80 |
| Signed by | M.ARGHAS | Fuel Surcharge | | 2.18 |
| FedEx Use | 007806087/0000186/_ | **Total Charge** | **USD** | **$21.98** |

**Dropped off:** Mar 21, 2013                **Cust. Ref.:** NO REFERENCE INFORMATION        **Ref.#2:**
**Payor:** Shipper                           **Ref.#3:**
• Fuel Surcharge - FedEx has applied a fuel surcharge of 11.00% to this shipment.
• Distance Based Pricing, Zone 2

| Automation | USAB | Sender | Recipient |
| Tracking ID | 870515519235 | WILLIAM J. COURTNEY, ESQ. | DAVID W GARLAND ESQ |
| Service Type | FedEx Standard Overnight | LAW OFFICE OF WILLIAM COURTNEY | EPSTEIN BECKER & GREEN |
| Package Type | FedEx Envelope | 200 MAIN ST DEPT LGL | ONE GATEWAY CENTER |
| Zone | 02 | FLEMINGTON NJ 08822-1625 US | NEWARK NJ 07102 US |
| Packages | 1 | | |
| Rated Weight | N/A | | |

Continued on next page

1082-01-00-0018939-0001-0049665

| | **Invoice Number** | **Invoice Date** | **Account Number** | **Page** |
| | 2-218-13575 | Mar 25, 2013 | 4507-3020-3 | 4 of 4 |

Tracking ID: 870515519235 continued

| Delivered | Mar 22, 2013 10:01 | | | |
| Svc Area | A1 | Transportation Charge | | 17.60 |
| Signed by | I.PLEWAA | Fuel Surcharge | | 1.94 |
| FedEx Use | 008007813/0000200/_ | **Total Charge** | **USD** | **$19.54** |

**Dropped off:** Mar 21, 2013                **Cust. Ref.:** NO REFERENCE INFORMATION        **Ref.#2:**
**Payor:** Shipper                           **Ref.#3:**
• Fuel Surcharge - FedEx has applied a fuel surcharge of 11.00% to this shipment.
• Distance Based Pricing, Zone 2

| Automation | USAB | Sender | Recipient |
| Tracking ID | 870515519246 | WILLIAM J. COURTNEY, ESQ. | OFFICE OF THE CLERK |
| Service Type | FedEx Standard Overnight | LAW OFFICE OF WILLIAM COURTNEY | US CT OF APPEALS 3RD CIRCUIT |
| Package Type | FedEx Envelope | 200 MAIN ST DEPT LGL | 601 MARKET ST 21400 U S COURTH |
| Zone | 02 | FLEMINGTON NJ 08822-1625 US | PHILADELPHIA PA 19106 US |
| Packages | 1 | | |
| Rated Weight | N/A | | |
| Delivered | Mar 22, 2013 09:09 | | | |
| Svc Area | A1 | Transportation Charge | | 17.60 |
| Signed by | M.OCHNANWIEZ | Fuel Surcharge | | 1.94 |
| FedEx Use | 008007813/0000200/_ | **Total Charge** | **USD** | **$19.54** |

| **Shipper Subtotal** | **USD** | **$119.45** |
| **Total FedEx Express** | **USD** | **$119.45** |

$39.08

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 7-731-27941 | Dec 19, 2011 | 4507-3020-3 | 3 of 3 |

## FedEx Express Shipment Detail By Payor Type (Original)

Dropped off: Dec 13, 2011          Cust. Ref.: SWIATEK/ *Appeal*          Ref.#2:
Payor: Shipper                     Ref.#3:

- Fuel Surcharge - FedEx has applied a fuel surcharge of 14.00% to this shipment.
- Distance Based Pricing, Zone 2

| | | Sender | Recipient | |
|---|---|---|---|---|
| Automation | USAB | WILLIAM J. COURTNEY, ESQ. | CLERK | |
| Tracking ID | 870515520846 | LAW OFFICE OF WILLIAM COURTNEY | US DISTRICT COURT CLARKSON FIS | |
| Service Type | FedEx Priority Overnight | 200 MAIN ST DEPT LGL | 402 E STATE ST | |
| Package Type | FedEx Envelope | FLEMINGTON NJ 08822-1625 US | TRENTON NJ 08608 US | |
| Zone | 02 | | | |
| Packages | 1 | | | |
| Rated Weight | N/A | | | |
| Delivered | Dec 14, 2011 09:23 | | | |
| Svc Area | A2 | Transportation Charge | | 17.85 |
| Signed by | M.AKARE | Fuel Surcharge | | 2.50 |
| FedEx Use | 034706685/0000186/_ | **Total Charge** | **USD** | **$20.35** |

|  | | |
|---|---|---|
| **Shipper Subtotal** | **USD** | **$20.35** |
| **Total FedEx Express** | **USD** | **$20.35** |